John PARLANTE, Plaintiff—Appellant,

v.

Kenneth G. PETERSON; et al., Defendants—Appellees.

No. 08–16637.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

John Parlante, Reno, NV, pro se.

Kevin W. Reager, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GRABER, GOULD and BEA, Circuit Judges.

MEMORANDUM **

John Parlante appeals pro se the district court's Order dismissing his personal injury tort action against State of California Superior Court Judge Kenneth G. Peterson, a state court Referee, the Commission on Judicial Performance and state employees involved in a state court proceeding over Parlante's parental rights. We review de novo the dismissal for failure to state a claim, *see Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir.2008), and the dismissal for lack of subject-matter jurisdiction, *see Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir.2003). We affirm.

The district court properly concluded that Parlante's action seeks review of a state court judgment, which is barred by the *Rooker–Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.2003) (under the *Rooker–Feldman* doctrine, federal district courts lack subject matter jurisdiction to hear a direct appeal from the final judgment of a state court).

The district court also properly dismissed all claims against the state court judges on grounds of judicial immunity. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 923 (9th Cir.2004) (state court judges are absolutely immune from suits for damages for acts undertaken in judicial capacity).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

While it appears that some of Parlante's claims against certain government defendants may fall outside the scope of their immunity, he provides no basis upon which he would be able to amend his complaint in order to state a claim upon which relief could be granted. *See Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.